[No. 18497.  Department One.  September 18, 1924.]

RAYMOND TRACY HUBBARD, *Appellant*, v. RUTH
ANNETTE HUBBARD, *Respondent*.[1]

CONTEMPT (9)—DIVORCE (88)—FAILURE TO PAY ALIMONY—ABILITY
—EVIDENCE—SUFFICIENCY.  Findings of contempt in failing to pay
arrears of alimony amounting to $450 are sustained where it appears
that the defendant had an automobile and sixty tons of hay worth
$12 per ton when baled, and his evidence did not make clear that
he could not have raised the amount due by a sale or pledge of
the property.

Appeal from an order of the superior court for Yakima county, Holden, J., entered December 29, 1922, adjudging plaintiff guilty of contempt for failure to pay
alimony, after a hearing to the court.  Affirmed.

*Parker, LaBerge & Parker,* for appellant.

*H. J. Snively,* for respondent.

TOLMAN, J.—This is an appeal from an order adjudging the appellant to be in contempt of court for
having failed to pay certain accrued alimony.  It is
admitted that the alimony is unpaid, and the reason
assigned is inability of the appellant to pay it.

The evidence as to the appellant's financial condition is his own testimony, which certainly shows that
he is a good deal involved, has many obligations unpaid, and that his assets are largely of such a nature
that they cannot be realized upon.  He says that he
applied to his bank for a loan and his application was
refused, but shows no other attempt to borrow the
money necessary to pay the accrued alimony.  He is
farming land, the title to which is vested in his mother,
under an oral agreement that the net proceeds of his
farming operations shall be first used to pay off some

[1]Reported in 228 Pac. 692.

$8,000 of indebtedness and incumbrances on the property, after which he will be entitled to a half interest in the land; that, after three years of effort under this agreement, he has not substantially reduced these incumbrances, and that the crop in the warehouse at the time of the trial below was subject to advances made, and what, if any, amount will be realized in excess of these advances is problematical. It appears, however, that he then had on hand some sixty tons of hay worth $12 per ton when baled, and owned and operated an automobile. True, he states that the hay will be required to feed the stock on the place, but does not explain what stock he keeps on the forty-acre farm which he operates, which is largely in fruit.

The trial court saw and heard the witness and he is in a much better position than are we to determine the truth of his statements, and whether or not he made full and fair disclosure. The amount of alimony in arrears was but $450, and we cannot say that the trial court was not justified in holding that appellant could have raised that sum by the sale or pledging of the hay or the automobile, or both; or that he might not have obtained further advances to that extent upon his fruit crop. There is nothing involved but a question of fact as to appellant's ability to pay. He is an interested party, and his testimony must be weighed in the light of that fact. We cannot, therefore, say from the full record that it was error to enter the order appealed from.

The judgment is affirmed.

MAIN, C. J., HOLCOMB, PARKER, and MACKINTOSH, JJ., concur.